# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-4816

WALTER SMALLS, a/k/a Walt,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-02-136)

Submitted: April 29, 2003

Decided: June 19, 2003

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Brian J. Moran, NEALON & MORAN, L.L.P., Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael E. Rich, Assistant United States Attorney, Mark A. Grider, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Walter Smalls appeals his convictions and sentences for conspiracy to transport stolen property in interstate commerce and transportation of stolen property in interstate commerce in violation of 18 U.S.C. §§ 371, 2314, and 2 (2000). On appeal, Smalls raises two issues: (1) the district court erred in denying his motion to suppress incriminating statements made to police without the benefit of *Miranda*[1] warnings; and (2) the evidence was insufficient to sustain his conspiracy conviction. Finding no reversible error, we affirm.

Smalls first appeals the district court's denial of his motion to suppress an incriminating statement he made to FBI agents, without the benefit of *Miranda* warnings, during the lawful search of his residence. We review the district court's ultimate suppression decision de novo, but the underlying factual decisions are reviewed for clear error. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). It is well-settled that *Miranda* warnings are not required unless the defendant is in custody. *United States v. Braxton*, 112 F.3d 777, 783 (4th Cir. 1997). A reviewing court must look to the totality of the circumstances in determining whether a person is in custody, "but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *Stansbury v. California*, 511 U.S. 318, 322 (1994) (citations and internal quotation marks omitted). The facts in this case do not demonstrate that Smalls' freedom of action was curtailed to such a degree. *See United States v. Parker*, 262 F.3d 415, 419 (4th Cir. 2001). Thus, the district court did not err in determining that Smalls was not in custody when he made the challenged statement to FBI agents, and properly denied his motion to suppress.

Next, Smalls challenges the sufficiency of the evidence to support

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

his conviction for conspiracy to transport stolen property in interstate commerce. In reviewing a challenge to the sufficiency of the evidence, we construe the evidence in the light most favorable to the United States and draw all reasonable inferences in its favor, sustaining the verdict if any rational trier of fact could have found the necessary elements of the crime proven beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc). If the evidence supports different, reasonable interpretations, the fact finder, not the reviewing court, decides which interpretation to believe. *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence to support his conviction faces a heavy burden. *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). In light of the substantial evidence presented by the Government at trial supporting the jury's verdict, Smalls' claim of insufficiency of the evidence to support his conspiracy conviction fails.

Accordingly, we affirm Smalls' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*